**STARR SCHUSTER, Plaintiff**

**v.**

**AFOA M. LUTU, AUGUSTINE & PATRICIA GREY, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 19-93

May 29, 1996

Before KRUSE, Chief Justice, and TAUANU`U, Chief Associate Judge.

Counsel:     For Plaintiff, Gata E. Gurr
             For Defendant, Charles V. Ala`ilima

Decision and Order:

This dispute involves a certain parcel of land located in Faga`alu known as "Utulau-Masa" (hereinafter the "land"). Plaintiff Starr Schuster (hereinafter "Schuster") claims that the land is rightfully the individually owned land of the estate of her late grandfather, Afoa Fa`asuka Lutu (hereinafter "Fa`asuka"). The defendants, on the other hand, claim that the land is the communal property of the Afoafouvale family.

Defendant Afoa M. Lutu (hereinafter "Afoa") is the senior matai of the Afoafouvale family of Utulei and Fagatogo; he attempted to lease a part of land to the defendants Augustine and Patricia Grey (hereinafter the "Greys") for a residential site. The Greys are members of the Afoafouvale family, as

51

is Schuster. This matter arose upon Schuster's application to enjoin the Greys from building on the land. Schuster contends that Afoa, not being a descendant of Fa`asuka, has no say or *pule* with respect to the land.

Initially, an evidentiary hearing was held on May 3, 1993, upon plaintiff's application for a preliminary injunction to enjoin Afoa from any further dealings with the land.[1] We denied the application. Following that hearing, the parties made the requisite appearances before the Office of Samoan Affairs, in accordance with the requirements of A.S.C.A. § 43.0302. The Secretary of Samoan Affairs subsequently certified an irreconcilable dispute between the parties to the Land and Titles division, and, hence, the matter is now before us.

## DISCUSSION

Schuster's position is principally grounded on her construction of a certain deed that she recently discovered at the Territorial Registrar's Office, where she is employed. The deed, which bears an execution date of August 18, 1924, declares the conveyance of a certain plot of land in Faga`alu by "Savea of Matu`u" to "Afoa of Fagatogo," for the recited consideration of $10. The instrument contains stock conveyancing language, including the following: "To have and to hold the granted premises . . . to the said Afoa, his heirs and assigns, to his and their own use and behoof forever." On the basis of this language, Schuster claims individual ownership of the land, to the exclusion of the rest of the Afoa communal family. She contends that the grant is limited to the grantee Afoa personally and the heirs of his body and that the Afoa titleholder at the time was Fa`asuka, her grandfather.

Schuster's construction, however, is not borne out by the facts. The land has never been occupied by any of Fa`asuka's descendants; rather, the land has been exclusively occupied by the descendants of Fa`asuka's half-sister, Ana Afoa (hereinafter "Ana"), the Grey's ancestor. Family history as related by Afoa is that even before the deed had ever come into being, and even before Fa`asuka had become their family's titleholder, the land had been customarily acquired by a previous Afoa titleholder, Afoa Molio`o, from his kin Savea, for the use of his daughter Ana's children. Afoa further testified that Ana's son Aukuso Coen (the Greys' maternal grandfather) had actually settled the land after acquisition, around the turn of the century.

---

[1] Pursuant to T.C.R.C.P. 65, incorporated by T.C.R.L.T. 5, the evidence earlier received becomes part of the record upon trial on the merits.

■ We accept the family history according to Afoa as accurate, and so find. For one thing, the resulting assignment, or traditional appointment, of the land by Afoa Molio'o to Ana's descendants has been conspicuously demonstrated not only by the exclusive use of the land by Ana's descendants, but also by the very apparent deference that such exclusive use has been accorded from the rest of the Afoa family, including Fa`asuka's descendants, over several generations. Additionally, we are satisfied on the evidence that following Fa`asuka's subsequent succession to the matai title Lutu, attached to the village of Fagatogo, Fa`asuka lived in Fagatogo and left the land entirely to Aukuso Coen's use. Furthermore, the evidence reveals that Afoa's immediate predecessor-in-title, Afoa Atapuai, quite obviously viewed the entitlement of Ana's descendant's as exclusive by directing them to sign their own separation agreements and building permits pertaining to the various homes they erected on the land. The evidence regarding the use and occupation of the land is very plainly antithetical to plaintiff's, somewhat singularly held, claim to individual ownership.

■ In light of the foregoing, we construe the deed as a conveyance between two Samoan families through their respective matai. The deed was entered into between "Savea" of Matu`u and "Afoa" of Fagatogo, not between the Savea family on the one part, and Fa`asuka the individual on the other.[2] Given the Samoan realities of the time, the most plausible reading of the deed is that it was an inter-family conveyance. In 1924, the year of the deed, that which we know today as individually owned land was but a notion in the interstices, as yet to be developed by case law.[3] We doubt that the concept of individual ownership could even have been in the contemplation of the parties at the time. We find it more consistent with the realities of the day that the parties to the conveyance intended no more than the achievement of a formal memorialization of a pre-existing customary designation of communal family land for the use of a particular branch of the Afoa family, rather than an outright grant to Fa`asuka in individual ownership. We find further support for this conclusion by looking to the Samoan version of the public notices posted by the Territorial Registrar of Titles in anticipation of recording a conveyancing instrument. The Samoan

---

[2] It is trite law that a matai holds family lands as trustee for the benefit of the family.

[3] For an interesting historical sketch on the development of individually owned land in American Samoa, see Leuma v. Willis, 1 A.S.R.2d 48 (Land & Titles Div. 1980).

version of these notices to the community at that time allude to a transfer of land in Faga`alu between "Savea *ma lona aiga* i Faga`alu . . . [ma] Afoa [sic] Fagatogo *ma lona aiga*." Emphasis added. These public notices ostensibly advised the non-English speaking members of the community about a grant between Savea *and his family* one the part, and Afoa *and his family*, on the other part. We view the Samoan version of these public notices as being more in tune with, and hence a testament to, the Samoan realties that then endured.

## CONCLUSION & ORDER

We accordingly construe the 1924 deed as a grant from the Savea family to the Afoafouvale family, reading the deed's reference to "Afoa" as reference to the Afoafouvale family's senior matai at the time, who, as matai, held family land in trust for his communal family. Conversely, we reject Schuster's contention that the deed's reference to "Afoa" refers to Fa`asuka the individual, finding no basis to sustain her claim. We further construe the succeeding word "heirs" as appearing in the 1924 deed as meaning "heirs-in-title" to the matai title Afoafouvale.

We conclude, and so hold, that the land Utulau-Masa is the communal property of the Afoafouvale family that was assigned by Afoa Molio`o for the use and benefit of the descendants of Ana Afoafouvale; subject, however, to the *pule* of the senior matai of the Afoafouvale family,[4] and further subject to traditional obligations of *tautua*.[5]

Schuster's application for injunctive relief is, therefore, denied. Judgment shall accordingly enter in favor of the defendants.

It is so ordered.

---

[4] Although the matai may assign and parcel out family land, his *pule* over such assigned property is not thereby terminated. *Pisa v. Solaita*, 1 A.S.R. 520 (1935); *Mailo v. Fuamaila* 1 A.S.R. 449 (1931); *Levu v. Maluia*, 1 A.S.R. 197 (1909); *Toleafoa v. Tiapula*, 7 A.S.R.2d 117 (Land & Titles Div. 1988), *aff'd* 12 A.S.R.2d 56 (Appellate Div. 1989).

[5] *See Toleafoa v. Tiapula*, 7 A.S.R.2d 117 (Trial Div. 1988), *aff'd* 12 A.S.R.2d 56 (1989).